**Mehranvar SADR and Reza Sadr, Appellants,**

v.

**HAGER BEAUTY SCHOOL, INC. d/b/a Hager Beauty Academy, Inc., Appellee.**

Court of Appeals of Kentucky.

Feb. 6, 1987.

Spencer D. Noe, Eileen M. O'Brien, Lexington, for appellants.

Pierce W. Hamblin, Larry C. Deener, Lexington, for appellee.

Before COMBS, DYCHE and McDONALD, JJ.

COMBS, Judge.

This is an appeal from a judgment of the Fayette Circuit Court, entered pursuant to a jury verdict, dismissing appellants' complaint in a personal injury action.

Appellant Mehranvar Sadr was enrolled as a student at appellee's school to obtain the requisite hours of experience to become a licensed beautician in Kentucky. While having no customers, appellant chose to use the time to study. She was sitting on one of the dryer chairs. Appellant claims that the chair was in the exclusive control of the appellee and that appellee negligently maintained the chair causing the dryer hood to fall onto her head resulting in her injury.

The main issue in this case is the nature and applicability of the doctrine of res ipsa loquitur. This is an evidentiary doctrine which allows a jury to infer negligence on the part of the defendant. If the inference is forceful enough it can create a rebuttable presumption of negligence, possibly resulting in a directed verdict. *Bowers v. Schenley Distillers, Inc.*, Ky., 469 S.W.2d 565 (1971); *Bell & Koch, Inc. v. Stanley*, Ky., 375 S.W.2d 696 (1964).

Reliance upon the doctrine of res ipsa loquitur is predicated upon a showing that (1) the defendant had full control of the instrumentality which caused the injury; (2) the accident could not have happened if those having control had not been negligent; and (3) the plaintiff's injury resulted from the accident. *Bowers, supra,* at 568. The doctrine does not apply if it is shown that the injury may have been due to some voluntary action on the plaintiff's part. *See Schmidt v. Fontaine Ferry Enterprises*, Ky., 319 S.W.2d 468 (1959).

The first and third elements of the doctrine are present here. There was a conflict as to the second element. According to one of appellee's witnesses, appellant had leaned forward with an armload of books in an attempt to stand when the accident happened. It was appellee's contention that appellant in attempting to stand struck her head against the hood causing the injuries. The appellant's evidence was contrary to this, thus making it a question for the jury. Also, an inspection of the chair after the incident revealed no defect signaling lack of ordinary care on the part of appellee. It is questionable that the doctrine should have been applied at trial, but such a determination is within the trial court's sound discretion. Here, the trial court felt there was sufficient evidence which could justify a jury finding appellee negligent. The fact is that the case was given to the jury with its collective mind having the prerogative whether or not to infer negligence. It unanimously concluded that appellee was not negligent, and we find nothing in the record to disturb that conclusion.

The judgment of the Fayette Circuit Court is affirmed.

All concur.