Candida RYAN, Appellant,

v.

FAST LANE, INC., Appellee.

No. 2011–CA–000300–MR.

Court of Appeals of Kentucky.

Feb. 10, 2012.

Jeffrey D. Hensley, Flatwoods, KY, for appellant.

William H. Wilhoit, Grayson, KY, for appellee.

Before COMBS, KELLER and STUMBO, Judges.

## OPINION

KELLER, Judge:

Candida Ryan (Ryan) appeals from an order of the Carter Circuit Court granting summary judgment in favor of Fast Lane, Inc. (Fast Lane). For the following reasons, we affirm.

FACTS

On February 21, 2007, Ryan filed suit against Fast Lane in the Carter Circuit Court alleging negligence.[1] Specifically, Ryan claimed that she was injured while pumping gas at Fast Lane when gas entered her eyes, and that such injury was due to a latent defect in the gasoline pump.

In her deposition, Ryan testified to the following. While her husband was in the store, she was pumping gas into their truck. Ryan intended to only purchase fifteen dollars of gas, and when the amount started to approach that limit, she attempted to shut off the gas by squeezing the trigger. Even though the lever had no pressure, the gas kept flowing out and splashed into her eyes. Ryan then "slung" the nozzle to the ground. Approximately one hour after the incident, Ryan went to the hospital because she was having pain in her eyes and was having difficulty seeing. Ryan testified that, as a result of the accident, she has dry eyes; has to use eye drops; and had to have a procedure to insert tear duct plugs.

Ryan's ophthalmologist, Dr. Carter Gussler (Dr. Gussler), testified by deposition that Ryan has a dry eyes condition that is treated with eye drops. Dr. Gussler further testified that it is not uncommon for individuals that have certain types of chemical exposures to have some dryness and irritation in their eyes.

In their depositions, the store manager on duty, Chiwanna Holbrook (Holbrook), and the maintenance man, Jonathon Chapman (Chapman), testified that they in-

---

**1.** We note that Ryan's husband, Dustin Ryan, was a party to the underlying action and that he asserted a claim of loss of consortium. The loss of consortium claim is not an issue on appeal; therefore, we do not address it. We further note that Dustin was not properly designated as a party to this appeal. Kentucky Rule of Civil Procedure (CR) 73.03(1); *Yocom v. Franklin County Fiscal Court,* 545 S.W.2d 296 (Ky.App.1976) (concluding that the use of "et al." is not a proper designation of the parties).

spected the pump immediately after the accident. No indentations, holes, or other problems with the hose were noted. Additionally, no breakage, damage or defect was noted with the nozzle, and the automatic kick-off was still working. Further, Holbrook and Chapman observed other customers utilize the nozzle immediately after their inspection and detected no problems or issues with the performance or operation of the nozzle.

Chapman further testified that he drove his personal vehicle over to the pump after Ryan used it and was able to get gas without encountering any problems. Chapman also testified that he routinely inspects the pumps, including the nozzles, and that if a nozzle needs to be changed, he is able to do so by using parts that are kept in stock at the store. After Chapman and Holbrook inspected the pump, no changes were made because the nozzle appeared to be in proper working order.

Charles Sunderhaus (Sunderhaus) testified by deposition that he is an engineer and has worked for OPW Fueling Components, which manufactures gas pump nozzles, for over thirty years. According to Sunderhaus, the lack of shut-off on a gas nozzle is expected to occur from time to time. He testified that, even if there was a malfunction with the nozzle in this case, because Fast Lane regularly inspected its nozzles, he did not think there was any way that Fast Lane could have anticipated the malfunction.

Sunderhaus further testified that there was a fill guard on the nozzle Ryan used which prevents gasoline from spraying out if it fails to shut off. Sunderhaus testified that, if the nozzle was still in the truck as Ryan alleged, he did not believe it could have sprayed high enough to get into her eyes. Sunderhaus testified that it was more likely that when the amount was approaching $15 Ryan panicked and pulled the nozzle out of her truck. The fuel then hit the side of the truck and splashed into Ryan's eyes.

Sunderhaus also testified that he did not understand Ryan's testimony that fuel kept coming out even though there was no pressure on the lever. Sunderhaus explained that squeezing the lever pushes up a spring that opens a valve to allow the fuel to flow. If there is no pressure on the lever, it is physically impossible for gas to flow through the nozzle because the valve would be shut.

A jury trial was scheduled for July 20, 2010. However, the trial was continued to give Ryan the opportunity to obtain an expert witness to rebut the opinion of Sunderhaus. Ryan never retained an expert. Thereafter, Fast Lane filed a motion for summary judgment, and the trial court entered an order granting that motion. It is from that order that Ryan appeals.

## STANDARD OF REVIEW

"The standard of review on appeal of a summary judgment is whether the circuit judge correctly found that there were no issues as to any material fact and that the moving party was entitled to a judgment as a matter of law." *Pearson ex rel. Trent v. Nat'l Feeding Systems, Inc.*, 90 S.W.3d 46, 49 (Ky.2002). Summary judgment is only proper when "it would be impossible for the respondent to produce any evidence at the trial warranting a judgment in his favor." *Steelvest, Inc., v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky.1991). In *Steelvest*, the word " 'impossible' is used in a practical sense, not in an absolute sense." *Perkins v. Hausladen*, 828 S.W.2d 652, 654 (Ky.1992). In ruling on a motion for summary judgment, the court is required to construe the record "in a light most favorable to the party opposing the motion . . . and all doubts are to be resolved in his favor." *Steelvest*, 807

S.W.2d at 480. A party opposing a summary judgment motion cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must present affirmative evidence in order to defeat a properly supported motion for summary judgment. *Id.* at 481.

## ANALYSIS

On appeal, Ryan argues that the trial court erred in granting summary judgment because it did not apply the *res ipsa loquitur* doctrine. We disagree.

As set forth in *Sadr v. Hager Beauty School, Inc.,* 723 S.W.2d 886, 887 (Ky.App.1987):

> [*Res ipsa loquitur*] is an evidentiary doctrine which allows a jury to infer negligence on the part of the defendant. If the inference is forceful enough it can create a rebuttable presumption of negligence, possibly resulting in a directed verdict.
>
> Reliance upon the doctrine of *res ipsa loquitur* is predicated upon a showing that (1) the defendant had full control of the instrumentality which caused the injury; (2) the accident could not have happened if those having control had not been negligent; and (3) the plaintiff's injury resulted from the accident. The doctrine does not apply if it is shown that the injury may have been due to some voluntary action on the plaintiff's part.

(Citations omitted).

As to the first element, we note that Ryan was operating the pump at the time of her injury. Therefore, we cannot say that the pump was under the exclusive control of Fast Lane. Thus, the trial court did not err in concluding that Ryan was unable to prove the first element.

As to the second element, we agree with the trial court that there was no evidence that Fast Lane was negligent. Ryan alleged that Fast Lane breached a duty "to keep the premises and pumps in a reasonably safe condition and to warn [Ryan] of any hidden and latent defects and dangers[.]" However, Ryan concedes that she is unable to submit any evidence that the pump was defective. In fact, Chapman and Holbrook testified that they inspected the pump; no changes were made because the nozzle appeared to be in proper working order; and no one else experienced problems with the pump after Ryan used it.

Further, Sunderhaus testified that the lack of shut-off on a nozzle is expected to occur from time to time. Additionally, he testified that, even if there was a malfunction with the nozzle in this case, he did not think there was any way that Fast Lane could have anticipated the malfunction. Consequently, without more than conclusory allegations and subjective beliefs, Ryan's claim that the accident would not have happened but for Fast Lane's negligence cannot survive summary judgment. *Humana of Kentucky, Inc. v. Seitz,* 796 S.W.2d 1, 3 (Ky.1990). Accordingly, we conclude the trial court correctly determined that *res ipsa loquitur* does not apply to the instant case.

## CONCLUSION

For the foregoing reasons, we affirm the order of the Carter Circuit Court granting summary judgment in favor of Fast Lane.

ALL CONCUR.