RENDERED: SEPTEMBER 4, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-000705-MR

ERIC STRECK                                               APPELLANT

                    APPEAL FROM JEFFERSON CIRCUIT COURT
v.                   HONORABLE BARRY WILLETT, JUDGE
                           ACTION NO. 16-CI-000599

JIGNESH SHAH and
LIBERTY INSURANCE CORPORATION                APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, CALDWELL, AND K. THOMPSON, JUDGES.

CALDWELL, JUDGE: Eric Streck (Streck) appeals the trial court's granting of the motion for summary judgment filed by Appellee, Jignesh Shah (Shah), and a motion for partial summary judgment filed by Appellee, Liberty Insurance Corporation (Liberty). Having reviewed the order of the trial court, the arguments of the parties, and the record in this matter, we affirm.

# FACTS

In January of 2014, Shah hired David York of All American Chimney Service to inspect the chimney at a home he had owned since 2012 in the Clifton Heights neighborhood of Louisville. York found no problems with the chimney and his report included a recommendation for yearly chimney inspections. The residence was insured by Shah through Liberty. The property was income-producing rental property and not where Shah resided, so he did not opt for a policy which covered contents.

In January of 2015, Streck entered into a contract to lease the home from Shah. A written lease was executed by the parties and included the following provision:

> Insurance: Tenant shall do nothing to increase or create extra insurance premiums or insurance risk at or around the premises. Tenant shall protect Tenant's personal property with adequate personal property insurance. It is the intention of the Lease that the Owner shall insure the leased premises and the Tenant shall insure Tenant's own property. Owner shall not be responsible for any loss to Tenant's possessions unless caused by the negligence of the Owner. The Tenant shall be responsible for Tenant's negligent conduct and the negligent conduct of Tenant's household and guests.

Streck used the fireplace in the home several times after moving in without incident. However, on May 7, 2015, he lit a fire in the fireplace, but the fire did not remain contained within the fireplace, and flames erupted from the

chimney and caught the home on fire. Streck's personal property was damaged by the fire and smoke or water due to the response of the fire department.

Louisville Fire and Rescue's Metro Arson Squad investigated the scene on the day of the fire and determined the fire emanated from the fireplace and the cause was a "mechanical failure, malfunction – unspecified malfunction of a fireplace vent."

Shah's insurance company conducted its own investigation. During its interview with Streck, he mentioned having heard "bird noises" coming from the fireplace prior to lighting the fire. The investigator found detritus consistent with nesting material between the chimney chase and the fireplace insert that had combusted. It was concluded this material was responsible for the fire.

Streck demanded payment for his personal property losses from Shah, who refused and pointed to the lease contract. Streck then sought compensation from Liberty, which refused. In February of 2016, Streck filed a lawsuit naming both Shah and the insurance company as defendants, alleging Shah's negligent maintenance of the chimney led to the fire.

In January of 2017, Streck sought partial summary judgment on the issue of liability. A year later, in January of 2018, the trial court entered an order denying the motion, finding that Streck had failed to establish any duty owed by Shah. Specifically, the court held that Streck had failed to establish liability and

pointed out that the lease contract provided the tenant had responsibility for maintaining the premises during the term of the lease. Further, the court underscored that the lease also specifically held Streck responsible for insuring his personalty against loss. The trial court held that Streck had failed to establish any breach of any possible duty Shah had, specifically rejecting Streck's theory that the chimney inspector's recommendation for yearly inspections had established a duty to inspect. Finally, the court found Streck had erroneously relied upon the doctrine of *res ipsa loquitur,* which it held was not applicable in this circumstance.

Later that year, in October of 2018, Shah sought summary judgment, arguing that Streck had failed to offer any evidence to support a finding that Shah owed him any duty of care which had been breached. Liberty filed its own motion seeking partial summary judgment in March of 2019, repeating Shah's argument that no duty of care had been established, but also insisting that Streck had no standing to sue Liberty as he was not a beneficiary to the contract between Liberty and Shah.

The trial court heard oral arguments from the parties and entered an order granting summary judgment in favor of Shah and Liberty, finding that Streck

had failed to offer evidence establishing that Shah violated any duty of care that he owed to Streck. Streck appeals that order.[1]

## STANDARD OF REVIEW

An appellate court employs a *de novo* standard of review on questions concerning the propriety of a trial court's ruling on a motion for summary judgment. *Cmty. Fin. Servs. Bank v. Stamper*, 586 S.W.3d 737, 741 (Ky. 2019). In the seminal case of *Steelvest, Inc. v. Scansteel Service Center, Inc.*, the Kentucky Supreme Court explained that "the proper function of summary judgment is to terminate litigation when, as a matter of law, it appears that it would be impossible for the respondent to produce evidence at the trial warranting a judgment in his favor." 807 S.W.2d 476, 480 (Ky. 1991). In reviewing such a motion, the trial court must view the facts "in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor" and in so doing, must examine the proof to ensure that no real issue of material fact exists. *Id.*

Thus, as factual findings are not at issue, the trial court's decision is granted no deference; review of a trial court's ruling on a motion for summary judgment is a matter of law. "A grant of summary judgment is reviewed *de novo*

---

[1] The Appellees sought summary judgment only as to Counts I through IV of the Complaint. There were three additional counts against Liberty that are not subject to the trial court's order and which are not discussed herein.

because factual findings are not at issue." *Feltner v. PJ Operations, LLC*, 568 S.W.3d 1, 3 (Ky. App. 2018), *review denied* (Mar. 6, 2019) (citing *Pinkston v. Audubon Area Community Services, Inc.*, 210 S.W.3d 188, 189 (Ky. App. 2006)).

## ANALYSIS

Streck argues that Shah had a duty to inspect the fireplace on an annual basis and relies upon the inspection report from David York of All American Chimney Service which *recommended* annual inspections. The trial court reasoned that it was not necessary to determine whether York's recommendation established a duty to conduct annual inspections. York provided deposition testimony that even if the "Level 1" inspection he had recommended had been performed, the condition which led to the fire would not have been revealed since it was between the fireplace insert and the chimney chase. York testified that only a Level 3 inspection, which would require "taking off the cap" and some dismantling of the chimney, would have possibly revealed the condition. We cannot disagree with the trial court's determination.

We do not find that Shah breached any duty owed to Streck. Streck argues that this duty arose from the report generated by York's inspection. First, Shah was not required to perform the inspection by any ordinance, statute, or code. He voluntarily took the responsibility to have the fireplace inspected early into his ownership of the residence. Second, York is employed by a business enterprise

-6-

and his suggestion that annual inspections be conducted must be considered in that context. Third, it would be contrary to public policy to require that property owners follow all recommendations of for-profit inspectors. Such holding would certainly lead to a chilling effect, such as property owners eschewing inspections for fear that undergoing an inspection would lead to expensive and, perhaps, unnecessary expenses, which would not necessarily forward safety concerns or property preservation. We, therefore, decline to hold such a duty arises from a notation on a voluntary inspection performed by a for-profit enterprise.

Streck attempted to buttress the fragility of his argument that Shah had a duty of care to have annual inspections performed by claiming that the doctrine of *res ipsa loquitur* applied and he was, therefore, not required to establish a duty of care. Under the doctrine, negligence may be inferred, even without direct evidence so establishing, when certain narrow conditions are met.

> Reliance upon the doctrine of *res ipsa loquitur* is predicated upon a showing that (1) the defendant had full control of the instrumentality which caused the injury; (2) the accident could not have happened if those having control had not been negligent; and (3) the plaintiff's injury resulted from the accident. The doctrine does not apply if it is shown that the injury may have been due to some voluntary action on the plaintiff's part.

*Sadr v. Hager Beauty School, Inc.*, 723 S.W.2d 886, 887 (Ky. App. 1987) (citations omitted).

As the lease contract granted Streck exclusive control of the fireplace, *i.e.*, the instrumentality which caused the injury, the doctrine simply does not apply. Shah, under the lease contract entered into by Streck, had only limited access to the residence, and therefore to the fireplace. Further, the second prong of the doctrine has not been satisfied as there has been no evidence adduced that the accident was *but for* caused by negligence of Shah as, again, Streck was in control of the instrumentality. It was Streck who heard "bird noises" and who chose to light a fire anyway. Streck's reliance on the doctrine of *res ipsa loquitur* is not well-placed and must fail.

Having found that Streck has failed to establish liability for the loss to Shah, the insured, any claims against Liberty must fail as well.

Lastly, we address Streck's contention that *stare decisis* should prevent the trial court from granting summary judgment for Shah and Liberty. Streck argues that after having denied the prior motion for summary judgment filed by Streck because the trial court found "genuine issues of material fact," it could then not grant summary judgment for Shah and Liberty. *Steelvest*, 807 S.W.2d at 482. Streck, however, misapprehends the doctrine of *stare decisis*, which seeks consistency in decisions in different cases by respecting the precedential value of cases of a higher court. *Hilen v. Hays*, 673 S.W.2d 713 (Ky. 1984). The trial court was not bound by *stare decisis* to deny the subsequent summary judgment motion.

## CONCLUSION

Having found that Streck failed to establish that Shah had a duty which was breached, we find that the trial court properly entered summary judgment in favor of the Appellees.

ALL CONCUR.


BRIEF FOR APPELLANT:

David B. Mour
Louisville, Kentucky

BRIEF FOR APPELLEE
JIGNESH SHAH:

W. Douglas Kemper
Alexander J. Kuebbing
Louisville, Kentucky

BRIEF FOR APPELLEE LIBERTY
INSURANCE CORPORATION:

Douglas W. Langdon
Christopher G. Johnson
Jason Renzelmann
Liam E. Felsen
Louisville, Kentucky