RENDERED: DECEMBER 16, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1413-MR

ELEMENTAL PROCESSING, LLC                                        APPELLANT

v.                     APPEAL FROM FAYETTE CIRCUIT COURT
                       HONORABLE JULIE M. GOODMAN, JUDGE
                       ACTION NO. 20-CI-00907

AMERRA CAPITAL MANAGEMENT,
LLC; AB SCIEX LLC; CAPSTONE
GROUP 2100, LLC; DEERE &
COMPANY; DYNASTY FARMS,
LLC; HEMPTOWN ORGANICS
CORP. AND CERTAIN OF ITS
SUBSIDIARIES, INCLUDING HTO
HOLDINGS, INC.; JAMES FRAZIER,
RECEIVER; KENTUCKY 21ST
CENTURY AGRI, LLC; MOKENA
HOLDINGS, LLC; PAUL
EQUIPMENT COMPANY; AND
STRATEGIC COMPENSATION
GROUP, LLC                                                        APPELLEES


AND

NO. 2021-CA-0495-MR


ELEMENTAL PROCESSING, LLC                                    APPELLANT


                          APPEAL FROM FAYETTE CIRCUIT COURT
v.                        HONORABLE JULIE M. GOODMAN, JUDGE
                                ACTION NO. 20-CI-00907


AMERRA CAPITAL MANAGEMENT,
LLC; AB SCIEX LLC; CAPSTONE
GROUP 2100, LLC; DEERE &
COMPANY; DYNASTY FARMS,
LLC; HEMPTOWN ORGANICS
CORP. AND CERTAIN OF ITS
SUBSIDIARIES, INCLUDING HTO
HOLDINGS, INC.; JAMES FRAZIER,
RECEIVER; KENTUCKY 21ST
CENTURY AGRI, LLC; MOKENA
HOLDINGS, LLC; PAUL
EQUIPMENT COMPANY; AND
STRATEGIC COMPENSATION
GROUP, LLC                                                    APPELLEES


       AND


                               NO. 2021-CA-0526-MR


CAPSTONE GROUP 2100, LLC                                      APPELLANT

v.

AMERRA CAPITAL MANAGEMENT,
LLC; DYNASTY FARMS, LLC;
ELEMENTAL PROCESSING, LLC;
JAMES H. FRAZIER, III; KENTUCKY
21ST CENTURY AGRI, LLC; AND
MOKENA HOLDINGS, LLC                                    APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, LAMBERT, AND K. THOMPSON, JUDGES.

LAMBERT, JUDGE:  We are considering these three separate appeals together,

and we affirm all three.

The facts are well known to the parties and will be repeated only as is

necessary to the understanding of this Opinion.  The procedural history will be

stated as pertaining to each appeal separately.

On August 23, 2019, Elemental Processing, LLC (Elemental), signed

loan documents with AMERRA Capital Management, LLC (AMERRA), whereby

AMERRA advanced to Elemental the principal sum of just under $8 million, and

Elemental granted, as collateral, first-priority liens and security interests in what

amounted to substantially all of Elemental's assets.  The pertinent documents were filed with the Kentucky Secretary of State's office.

The initial money was used to pay off creditors.  Within two months of the loan's origination, Elemental found itself in need of an additional $2 million.  AMERRA refused Elemental's request for further funding.  By letter dated January 10, 2020, AMERRA notified Elemental of the latter's events of default and called for the note to be accelerated.  The following month, AMERRA notified Elemental that AMERRA considered itself released from its obligations under the note, which AMERRA stated was due in full under the agreed-upon provisions.  In March of that year, AMERRA filed suit against Elemental in Fayette Circuit Court.  AMERRA also sought appointment of a receiver pursuant to Kentucky Revised Statute (KRS) 425.600.[1]  The receiver was appointed by order of the circuit court on March 18, 2020.

---

[1] KRS 425.600 ("Appointment of receiver; appeal from order appointing or refusing to appoint; powers of receiver") provides:

> (1) On the motion of any party to an action who shows that he has, or probably has, a right to, a lien upon, or an interest in, any property or fund, the right to which is involved in the action, and that the property or fund is in danger of being lost, removed or materially injured, the court may appoint a receiver, or order the master commissioner to take charge of the property or fund during the pendency of the action, and may order and coerce the delivery of it to him.  The order of a court appointing or refusing to appoint a receiver, shall be deemed a final order for the purpose of an appeal; Provided, that such order shall not be superseded.
>
> (2) The receiver or master commissioner has, under the control of the court, power to bring and defend actions, respecting the property, to take and keep

Elemental filed its answer (and eight affirmative defenses) in April 2020. Shortly thereafter, Elemental sought Chapter 11 bankruptcy protection in the United States Bankruptcy Court, Eastern District of Kentucky. On May 15, 2020, Elemental's bankruptcy action was dismissed, and the matter was returned to Fayette Circuit Court. In June 2020 AMERRA was granted its motion to amend its complaint to name, as defendants, five junior lienholders (namely, Dynasty Farms, LLC; Mokena Holdings, LLC; AB Sciex, LLC; Paul Equipment Company; and Strategic Compensation Group). Elemental answered and counterclaimed. Additional entities (Deere and Company; Capstone Group 2100, LLC (Capstone);[2] Hemptown Organics Corp. and Certain of Its Subsidiaries, Including HTO Holdings, Inc.) were granted leave to intervene as cross- and counter-claim parties. James Frazier, the appointed Receiver, was also listed as a party to these actions.

Elemental filed its first request for discovery on August 3, 2020. Shortly thereafter, AMERRA advanced upwards of $1.26 million to the Receiver to meet Elemental's payroll, continue insurance on the assets, and

possession of the property, to receive rents, collect debts and generally to do such acts respecting the property as the court may authorize.

(3) Any income accruing during the pendency of proceedings under this section shall follow the property upon final disposition of the case.

[2] Capstone leased premises to Elemental, beginning October 2017, at 2120 Capstone Drive, Lexington, Kentucky. The lease was terminated, pursuant to the terms of the agreement, by Capstone because of the appointment of the Receiver.

remove/remediate environmental waste. AMERRA filed a motion for summary judgment on August 11, 2020. Its discovery responses to Elemental were filed in early September. The hearing on the motion for summary judgment was heard on September 9, 2020. The order granting AMERRA's motion was entered on September 30 of that year. The circuit court found Elemental liable to AMERRA in the amount of $7,979,505.00 (the dollar amount of the original loan), and counterclaims asserted by Elemental, Dynasty Farms, and Strategic Compensation Group were dismissed with prejudice. Elemental filed timely notice of appeal.

In the first appeal (No. 2020-CA-1413-MR), we consider the propriety of the Fayette Circuit Court's order granting summary judgment to AMERRA.[3] We begin by stating the standard of review, recently summarized in *Lawson v. Smith*, 652 S.W.3d 643, 645 (Ky. App. 2022):

> The standard of review upon appeal of an order granting summary judgment is "whether the trial court correctly found that there were no genuine issues as to

---

[3] We note that Elemental's briefs fail to follow the dictates of Kentucky Rule of Civil Procedure (CR) 76.12(4)(c)(vii), which requires, in pertinent part: "An 'APPENDIX' **with appropriate extruding tabs** containing copies of the findings of fact, conclusions of law, and judgment of the trial court, any written opinions filed by the trial court in support of the judgment, the opinion or opinions of the court from which the appeal is taken, and any pleadings or exhibits to which ready reference may be considered by the appellant as helpful to the appellate court. **The first item of the appendix shall be a listing or index of all documents included in the appendix. The index shall set forth where the documents may be found in the record. The appellant shall place the judgment, opinion, or order under review immediately after the appendix list so that it is most readily available to the court**. Except for matters of which the appellate court may take judicial notice, materials and documents not included in the record shall not be introduced or used as exhibits in support of briefs." (Emphases added.) Proper appendices would have been very beneficial here where the record is so large. Counsel is advised to comply with this Rule in future briefs filed with this Court.

any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996) (citing CR 56.03). Upon a motion for summary judgment, all facts and inferences in the record are viewed in a light most favorable to the non-moving party and "all doubts are to be resolved in his favor." *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476, 480 (Ky. 1991). Thus, a summary judgment looks only to questions of law, and we review a trial court's decision to grant summary judgment *de novo*. *Brown v. Griffin*, 505 S.W.3d 777, 781 (Ky. App. 2016); *see also Blackstone Mining Co. v. Travelers Ins. Co.*, 351 S.W.3d 193, 198 (Ky. 2010), *as modified on denial of reh'g* (Nov. 23, 2011). However, "[a] party opposing a summary judgment motion cannot rely on the hope that the trier of fact" would simply "disbelieve the movant's denial of a disputed fact, but must present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Ryan v. Fast Lane, Inc.*, 360 S.W.3d 787, 790 (Ky. App. 2012) (citing *Steelvest*, 807 S.W.2d at 481).

With these standards in mind, we turn to Elemental's first appeal.

Elemental insists that summary judgment was premature because discovery was not yet complete, that there were genuine issues of material fact, and that the circuit court failed to weigh inferences in a light most favorable to Elemental.

We disagree with all of these assertions. The parties are bound to the terms of the agreements they negotiated at arm's length. As the circuit court found, the loan documents "constitute legal, valid, and binding obligations of Elemental in accordance with their terms." Elemental defaulted, and AMERRA,

as a secured creditor with a first-priority lien on and security interest in most of Elemental's collateral,[4] exercised those rights to which it was entitled pursuant to the default and enforcement of security interest provisions of Article 9 of the Uniform Commercial Code (UCC). And the parties were governed by New York law, a conclusion of law which Elemental does not contest. *Cicconi v. McGinn, Smith & Co., Inc.*, 35 A.D.3d 292, 825 N.Y.S.2d 360 (2006);[5] N.Y. U.C.C.[6] § 9-601(a)(1). *See also* KRS 355.9-601 *et seq.*

Elemental failed to present affirmative evidence to the circuit court, as it does here, that any admissible evidence existed beyond the four corners of the loan documents that would have defeated AMERRA's motion for summary judgment. Nor does Elemental rebut, in its reply brief, AMERRA's claim that

---

[4] The circuit court's three exceptions to first-priority interests, where AMERRA was found to be the junior lienholder, were: (1) the Deere collateral; (2) the landlord's lien of Capstone Group 2100; and (3) the interests of Hemptown Organics and K21, which were to be determined at a later date. Also, an agreed order regarding priorities of AMERRA and Mokena Holdings was entered on November 24, 2020. Mokena's counterclaim against AMERRA was ordered dismissed with prejudice. K21 and Sky Hemp (both had filed notice of interest of ownership of assets prior to the Receiver's sale of Elemental's assets) notified the circuit court, on December 4, 2020, that they had reached an agreement with AMERRA and thus withdrew their ownership and interest claims. A settlement agreement was reached between AMERRA and Hemptown in early 2021. The Deere collateral was identified and sold. The Capstone issue is the subject of Appeal No. 2021-CA-0526-MR, discussed later in this Opinion.

[5] In *Cicconi*, summary judgment was affirmed "where Plaintiff made a prima facie case for a right to payment by proof of the note and the debtor's failure to make the payments called for therein" and "Defendant . . . failed to rebut sufficiently plaintiff's statement of material facts." *Id.* (citation omitted).

[6] Uniform Commercial Code.

Elemental was already in possession of all necessary documents and evidence. Elemental's bare assertion that AMERRA retained hidden documents is insufficient "affirmative evidence . . . to defeat a properly supported motion for summary judgment." *Ryan*, 360 S.W.3d at 790. The circuit court, after examining the documents before it and after hearing oral arguments of the parties, properly granted summary judgment to AMERRA. We thus affirm the Fayette Circuit Court in No. 2020-CA-1413-MR.

Elemental's second appeal (No. 2021-CA-0495-MR) pertains to its claim that the circuit court improperly granted AMERRA's motion for entry of a deficiency judgment. Elemental argues that the sale conducted by the Receiver was not performed in a "commercially reasonable manner," that the circuit court erred in its summary determination prior to complete discovery, and that, even without discovery, there were questions of fact raised that made summary disposal inappropriate under the circumstances.

Again, we disagree. The Receiver had been duly appointed in March 2020, and he fulfilled his duties of managing Elemental's business while the litigation proceeded and filing regular reports with the circuit court. Once summary judgment was granted to AMERRA in September 2020, the circuit court entered a subsequent order authorizing the Receiver to establish procedures governing the sale of Elemental's assets. Those procedures were adhered to

strictly, and the sale went forward on December 1, 2020, with AMERRA the successful bidder. The order confirming the Receiver's sale was entered on December 7, 2020. The bid price was $6.35 million plus $95,603.36 in cash. AMERRA then filed a motion of deficiency judgment on February 22, 2021, seeking reimbursement for the difference between the monies owed by and not realized from Elemental's sale, namely, $6,145,694.04 (plus all accrued interest up to and through the date of entry of judgment at the per diem rate of $1,417.29, according to AMERRA's motion). A hearing was held on March 12, 2021, after which the circuit court required the Receiver to respond to certain allegations raised by Elemental. AMERRA's motion was granted by the circuit court on April 1, 2021.[7]

The applicable UCC section governing the issue of "commercially reasonable" here is not §9-601 (as Elemental advocates) but rather § 9-627, since the sale was approved in "a judicial proceeding." *See* N.Y. U.C.C. § 9-627(c)(1) *and* KRS 355.9-627(3)(a).[8] The record indicates that Elemental voiced no

---

[7] The circuit court's judgment ordered the following amounts repaid by Elemental: "the sum of $6,225,844.68, plus pre-judgment interest at the per diem rate of $1,481.40 from March 19, 2021, until the entry of judgment, plus post-judgment interest at the rate of 6% from the entry of judgment until the judgment is paid in full."

[8] KRS 355.9-627 (U.C.C. § 9-627) ("Determination of whether conduct was commercially reasonable") states, in pertinent part:

-10-

objection to the sale process or bid procedures prior to the sale, and AMERRA submitted the higher of the two bids received (after proper marketing, publication, and vetting of qualified bidders), making it the proper buyer of the assets. AMERRA provided detailed records of the outstanding principal debt, accrued interest, and expenses incurred throughout the loan period and ensuing default procedures. The Receiver likewise responded to Elemental's questions raised. The circuit court was satisfied that the parties had acted in a commercially reasonable manner, and Elemental fails to convince us otherwise. Further discovery would not have changed the outcome and would only have served to prolong the process. We affirm the circuit court's deficiency judgment.

The third appeal (No. 2021-CA-0526-MR) pertains to the circuit court order and judgment that Capstone reimburse AMERRA "for the assessment, cleanup, and disposal of hazardous waste" at the premises formerly leased by Elemental, and that Capstone and AMERRA "meet and confer regarding the calculation of the amount to be reimbursed to the Receivership Estate for electricity utilized by the other tenant at the Capstone Premises."[9] Capstone filed a

---

(3) A collection, enforcement, disposition, or acceptance is commercially reasonable if it has been approved:

(a) In a judicial proceeding[.]

[9] The April 2021 order further stated: "Capstone shall pay $65,443 plus 6% to accrue from the date of judgment until paid in full to AMERRA to reimburse AMERRA for amounts advanced to the Receiver[.]"

motion to reconsider and a "true up" calculation.  That motion was denied on April 27, 2021, and Capstone appealed (and filed a supersedeas bond).

Capstone argues that the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA, 42 U.S.C.[10] § 9601 *et seq.*) is applicable to recover cleanup costs, therefore, federal statutory and case law govern this dispute.  Capstone alleges that, while it did not bring a private right of action or claim under CERCLA, AMERRA in effect had by requesting appointment of the Receiver, and the Receiver, in turn, remediated the hazardous waste in order to "avoid a shut down of the Capstone Facility by the EPA (Environmental Protection Agency)."  Thereafter, Capstone continues, the Receiver sought reimbursement to recover costs incurred for the hazardous waste removal.  Under CERCLA, Capstone argues, it is an "innocent party" and entitled to offset its liability.

We cannot agree with this line of reasoning.  All evidence in the record indicates that, at the time of the lease agreement, Capstone was fully aware that Elemental was an ongoing industrial hemp processing concern, and that barrels of oil and tanks of carbon dioxide were used in the ordinary course of hemp production, a permitted use according to the terms of the lease.

---

[10] United States Code.

-12-

Also, by its own concession, the issue of application of CERCLA to the within factual scenario was not raised by Capstone until its post-judgment motion for reconsideration. It was incumbent on Capstone to proffer supportive evidence, before the Fayette Circuit Court, that it was an "innocent party." *See generally Regional Airport Authority of Louisville v. LFG, LLC*, 460 F.3d 697, 703 (6th Cir. 2006) (citing *Franklin County Convention Facilities Auth. v. Am. Premier Underwriters, Inc*., 240 F.3d 534, 541 (6th Cir. 2001)). The record lacks the necessary proof by Capstone, without which the application of CERCLA fails. Therefore, the circuit court did not err in denying Capstone's requested relief.

Accordingly, we affirm the Fayette Circuit Court's judgments and orders on these three appeals.


ALL CONCUR.

BRIEFS FOR APPELLANT
ELEMENTAL PROCESSING:

Jay E. Ingle
Chacey R. Malhouitre
Christopher F. Hoskins
Lexington, Kentucky


BRIEFS FOR APPELLANT
CAPSTONE GROUP 2100:

Thomas W. Miller
Susan Y. W. Chun
Lexington, Kentucky

BRIEFS FOR APPELLEE AMERRA
CAPITAL MANAGEMENT, LLC:

Matthew D. Ellison
Taft A. McKinstry
Lexington, Kentucky

Stephan E. Hornung, *pro hac vice*
White Plains, New York